**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

KENDLE MARDIS,

    Petitioner,

    v.

C. CARTER,

    Respondent.

Civil Action No.:  PX-22-2376

**MEMORANDUM OPINION**

Pending in this case is Respondent's Motion to Dismiss or for Summary Judgment the Petition filed pursuant to 28 U.S.C. § 2241.  ECF No. 8.  Also pending is Petitioner's Motion for Default.[1]  ECF Nos. 6 and 7.  Although the Court advised Petitioner of his right to oppose the motion, he has not done so and the time for responding has long passed.  ECF No. 9.  No hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2021).  For the reasons stated below, the unopposed Motion shall be granted, and the Petition will be dismissed without prejudice.

**I.**    **Background**

Petitioner, Kendle Mardis, is incarcerated in Federal Correctional Institution-Cumberland ("FCI-Cumberland"), serving a 137-month sentence imposed by the United States District Court for the Southern District of Indiana.  ECF No. 1 at 2.  He alleges that the Bureau of Prisons ("BOP") has not correctly computed his release date and, if the error is not corrected, he will serve an extra six months than is allowable by law.  *Id*. at 4.  He explains that he has "been incarcerated since 9-18-14" and has earned 515 days of "credits."  *Id*. at 5.  In his view, Mardis should be "serving 85%

---

[1]    Under Fed. R. Civ. Proc. 55(a) default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Entry of default judgment is not favored and is reserved in cases where the adversary process has been halted by an unresponsive party. *See United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993).  Respondent has participated in this litigation and so the motion is denied.

of his sentence" after good conduct time is applied, making his release date fall within March of 2024 and his home detention date September of 2023.  *Id*.  Mardis does not explain why he should only serve 85% of his sentence, nor does he aver any specific calculation errors on the BOP's part.

Respondent does not dispute that Mardis is entitled to 515 days of good conduct time. However, Respondent points to the BOP regulation which provides for additional 54 days' credit only for prisoners who make "satisfactory progress" while enrolled in specific programming.  *Id*. at ¶¶ 8, 9.  They explain that Mardis did not have a high school diploma or equivalent when he was incarcerated and was therefore enrolled in the BOP's literacy program.  But on April 11, 2018, Mardis voluntarily withdrew from the literacy program.  ECF No. 8-2 at 2, ¶ 6.  In light of this withdrawal, Mardis received only 42 days credit instead of 54 days per year.  *Id*. at ¶ 8.  This change in status also changed Mardis's projected release date and reduced the number of days applied to his sentence to 515.  *Id*. at ¶ 9.  The BOP has calculated Mardis' release date to be September 18, 2024.  ECF No. 8-2 at ¶ 9.  Additionally, it does not appear that Mardis has exhausted administrative remedies concerning his claim prior to filing his Petition.  ECF No. 8-2 at 3, ¶ 10.

## II.    Analysis

The United States Attorney General, the Department of Justice, and the BOP bear the responsibility to compute sentences of prisoners committed to BOP custody.  *See* 18 U.S.C. § 3624, *see also Leavis v. White*, 898 F.2d 154 (6th Cir. 1990) (citing *United States v. Norman*, 767 F.2d 455, 457 (8th Cir.1985)); *United States v. Clayton*, 588 F.2d 1288, 1292 (9th Cir. 1979); *see also United States v. Mitchell*, 845 F.2d 951, 952 (11th Cir.1988) ("[A] federal district court does not have jurisdiction to entertain a federal prisoner's petition for jail time credit until the prisoner has exhausted his administrative remedies with the Attorney General under 18 U.S.C.

§ 3568.").  If a prisoner wishes to disputes the sentence computation, he must first file a grievance with the BOP using its administrative remedy procedure.  *See* 28 C.F.R. 542.10 *et seq*.

The relevant administrative remedy procedure provides that if an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within 20 calendar days of the date of the occurrence on which the complaint is based.  *See* 28 C.F.R. § 542.14(a).  If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director within 20 calendar days of the Warden's response.  *See* 28 C.F.R. § 542.15(a).  If the inmate still is not satisfied, he may appeal the Regional Director's response to the Office of General Counsel, Washington, D.C., using the appropriate forms.  The inmate must file this final appeal within 30 calendar days of the date the Regional Director signed the response.  *See id.*  An inmate is not deemed to have exhausted his administrative remedies until he has pursued relief at every stage described above.  *See* 28 C.F.R. § 542.15(a).

Mardis filed an "Inmate Request to Staff" asserting that a clerical error had been made in computing his release date.  ECF No. 1-2 at 3.  The request was denied.  *Id*. at 4.  No other information suggests that Mardis ever filed a formal written complaint and thereafter pursued relief at all levels of the BOP's administrative remedy procedure.  Because the Petition pursues an unexhausted claim, it must be dismissed without prejudice.

A separate Order follows.

| | |
|---|---|
| 3/6/23 | /S/ |
| Date | Paula Xinis<br>United States District Judge |